IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 11-01282 (ESL)

ANGEL T. NALES PEREZ
ZULMA E. GUADARRAMA AYALA                           CHAPTER 13

          Debtors

OPINION AND ORDER

This case is before the court upon the *Application for Compensation* filed by Attorneys Edgardo Manugal González and José L. Jiménez Quiñones on behalf of the law firm of EMG Despacho Legal, CRL. ("Attorneys Mangual and Jiménez") in the amount of $13,426.00 (Docket No. 116) and the opposition thereto filed by the Debtors *pro se* (Docket No. 121 in Spanish, Docket No. 131 in English).

Procedural Background

The procedural background surrounding the instant case is simple. The case was dismissed on March 27, 2013 (Docket No. 111) upon the Chapter 13 Trustee's motion to that effect (Docket No. 104). Thereafter, on April 25, 2013, the Debtors' attorneys filed the *Application for Compensation* (Docket No. 116). On May 1, 2013, the Chapter 13 Trustee expressed no objection to the *Application* but alerted that the balance on hand for that case was only $12,000.00. See Docket No. 117. On May 24, 2013, the court entered an *Order* approving the *Application for Compensation* in the amount of $10,500 (Docket No. 118). On May 29, 2013, the Debtors filed an opposition in Spanish averring that their attorneys did not duly represent them nor informed them of the status of their case and therefore are not entitled to any compensation. See Docket No. 121. On May 30, 2013, Attorneys Mangual and Jiménez filed a *Motion to Set Aside Order Approving Attorneys['] Fees and Request to Schedule a Hearing to Entertain[] Debtors' Objection to Attorney's Fees* (Docket No. 120) and proceeded to file several motions submitting a series of documents (Docket Nos. 122, 123, 124 and 127). On June 28, 2013, the court entered an *Order and Notice* scheduling a hearing for September 4,

-1-

2013 (Docket No. 125). At the September 4, 2013 hearing, the Debtors were unable to present their case in English and hence the court explained all procedures in Spanish and granted them 30 days to reply in English to the motions and documents presented by Attorneys Edgardo Manugal González and José L. Jiménez Quiñones in English. See Docket Nos. 128 (*Minute Entry*) and 129 (*Audio File*). The Debtors did so on October 4, 2013 (Docket No. 131) and Attorneys Edgardo Manugal González and José L. Jiménez Quiñones replied on October 9, 2013 (Docket No. 133).

Applicable Law and Analysis

Professionals employed in a bankruptcy case, such as attorneys, must apply to be compensated and/or reimbursed under Fed. R. Bankr. P. 2016, which states that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." An attorney seeking compensation under that rule shall include "a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required." Fed. R. Bankr. P. 2016(a). In addition, LBR 2016-1 supplements the allowable charges by professionals in Puerto Rico and establishes the procedure to apply to be compensated.

In the instant case, the *Application for Compensation* complies with the procedural requirements established in Fed. R. Bankr. P. 2016 and LBR 2016-1. But "[Fed. R. Bankr. P.] 2016 must be read together with [Fed. Rs. Banrk. P.] 2014 and 2017 and Sections 326 through

331, 503(b) and 504 of the Bankruptcy Code." Alan N. Resnick & Henry J. Sommer, 9 <u>Collier on Bankruptcy</u> ¶ 2016.01 (16th ed. 2014).

Section 329 of the Bankruptcy Code governs the debtors' transactions with attorneys. It requires that an attorney submit a statement of compensation to be paid to enable the court to determine if the fees are reasonable, for the court has an independent judicial responsibility to review the fees of professionals *sua sponte*, even in the absence of objections. See <u>Tri-State Fin., LLC v. Lovald</u>, 525 F.3d 649, 655 (8th Cir. 2008), <u>cert. denied</u> 129 S. Ct. 630, 172 L. Ed. 2d 610 (2008); <u>In re Claudio</u>, 459 B.R. 500, 512 (Bankr. D. Mass. 2011); <u>In re First Software Corp.</u>, 79 B.R. 108, 111 (Bankr. D. Mass. 1987); <u>In re LaFrance</u>, 311 B.R. 1, 20-21 (Bankr. D.Ma. 2004) ("The court has an independent judicial responsibility to review the fees of professionals, even in the absence of an objection by a party in interest.") In the instant case, such statement was properly disclosed at Docket No. 1, p. 23, and Docket No. 116.

Section 330 of the Bankruptcy Code provides the statutory authority for awarding final attorney fees and reimbursement of expenses out of the bankruptcy estate created under Sections 541(a) and 1306(a), and prescribes the standards according to what amount of reasonable compensation is to be considered and eventually awarded by the court. Section 330(a)(4)(B) provides for the allowance of compensation for the debtor's attorney in Chapter 13 cases even though the debtor's counsel is not a professional appointed to represent the trustee. See 11 U.S.C. § 330(a)(4)(B); <u>In re Lewis</u>, 346 B.R. 89, 97 (Bankr. E.D.Pa. 2006). Section 330 authorizes the bankruptcy court to hear and determine the amount of reasonable compensation allowable based on whether the attorney's services are: (1) likely to benefit the debtor (or the bankruptcy estate), and (2) reasonable and necessary to the administration of the bankruptcy case and estate. See 11 U.S.C. § 330(a)(4)(A)(ii)-(B). If a court awards compensation and/or reimbursement of expenses under Section 330(a) to any entity described in that section, the amount of such compensation or reimbursement of expenses is entitled to priority status as an administrative expense under Section 503 of the Bankruptcy Code. Section 503(b)(2) provides that after notice and hearing, the court may allow as an administrative expense any

compensation and reimbursement awarded under Section 330(a). Hence, "compensation allowed to the debtor's counsel in a Chapter 13 bankruptcy case is an administrative expense allowable under 11 U.S.C. § 503(b), even though counsel is not appointed by the court and represents the interests of the debtor, rather than the interests of the bankruptcy estate." In re Lewis, 346 B.R. at 97-98. Also compare with Lamie v. United States Tr., 540 U.S. 526 (2004) (counsel for chapter 7 debtor not entitled to compensation under 11 U.S.C. § 330 unless counsel is employed pursuant to 11 U.S.C. § 327).

Because the Chapter 13 petition was dismissed pre-confirmation, the court must examine the applicability of both Sections 349 and 1326 of the Bankruptcy Code to determine whether or not to authorize the payment of attorney's fees from the bankruptcy estate.

Section 349(b)(3) establishes that:

Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title-

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title. 11 U.S.C. § 349.

In other words, "Section 349(b)(3) provides that if a bankruptcy case is dismissed, the property of the estate revests in the entity in which such property was vested immediately before the commencement of the case (which usually but not always, will be the debtor) but that the court may modify the presumptive revesting by operation of law by 'order[ing] otherwise, for cause'". In re Lewis, 346 B.R. at 104, citing 11 U.S.C. § 349(b)(3). The purpose Section 349(b)(3) is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. Id.

Section 1326(a)(2) of the Bankruptcy Code addresses the disposition of the plan payments held by the Chapter 13 Trustee prior to confirmation of the plan and provides for the distribution of said funds when a plan is not confirmed as follows:

A payment made under this paragraph 1(A) shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the

trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payments no previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under Section 503(b). 11 U.S.C. § 1326(a)(2).

Simply put, "the text of Section 1326(a)(2) imposes a mandatory obligation on the trustee, apparently not subject to the modification of the court, to deduct any unpaid administrative expense allowed under Section 503(b) from the undistributed planpayments before returning the balance of the funds to the debtor if a chapter 13 plan is not confirmed. One purpose of this provision is to encourage the use of Chapter 13 by returning to the debtor post-petition assets that were devoted to the ultimately unsuccessful, unconfirmed chapter 13 plan, since those assets would not have been part of a Chapter 7 bankruptcy estate on the date of filing." In re Lewis, 349 B.R. at 104.

Upon analyzing Sections 349(b)(3) and 1326(a)(2), the court adopts and follows the reasoning in In re Lewis: "Section 349(b)(3) is the controlling provision in determining the disposition of all estate property upon dismissal of a bankruptcy case; [and] (2) the purpose of Section 1326(a)(2) --to surcharge the debtor for the allowed costs of administration if a Chapter 13 plan is not confirmed-- is a sufficient basis for the court to exercise its discretion under Section 349(b)(3) to override the presumptive revesting of the undistributed plan payments "for cause" upon dismissal of a Chapter 13 case". 346 B.R. at 105. Therefore, "Section 349(b)(3) is the Code provision that governs the disposition of all estate property upon dismissal of a Chapter 13 case and that the policies expressed by Congress in Section 1326(a)(2) are best implemented through the exercise of the court's discretion under Section 349(b)(3)". Id. at 111.

Thus, as observed in In re Phillips, 291 B.R. 72, 82 (Bankr. S.D. Tex. 2003):

When a Chapter 13 plan is confirmed, there is an obvious and demonstrated benefit to the debtor and, presumably, counsel's services contributed to completion of the case. In most cases, additional proof will not be needed. But when cases are dismissed prior to plan confirmation, Counsel must provide an explanation in the fee application and evidence that counsel provided substantial, valuable professional services including investigation, evaluation, and counseling that was intended and designed to achieve an objective appropriate for Chapter 13 cases.

After reviewing Attorneys Mangual and Jimenez's *Application for Compensation*, the detailed legal fees described in the documents attached thereto (Docket No. 116) and the docket of the instant case, the court finds that the work performed is reasonable and that it benefited the debtors, especially when the record shows approved stipulations (Docket Nos. 98 and 99), negotiations to settle (Docket Nos. 70, 74, 78), pre-trial reports and hearings (Docket Nos. 65 and 69), and approved loan modifications (Docket Nos. 105 and 108).

Section 503(b) requires "notice and a hearing" prior to the allowance of administrative expenses. The phrase "notice and a hearing" is defined as "after such notice is appropriate in the particular circumstances, and such opportunity for a hearing is appropriate in the particular circumstances". 11 U.S.C. § 102(A). The statute's wording indicates that Congress required actual "notice" but gave courts discretion on whether to hold hearings. See North American Printing Ink Co. v. Regensteiner Printing Co., 140 B.R. 474, 476 (N.D. Ill. 1992); Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 503.04[1] (16th ed. 2014).

In the instant case, the court afforded the Debtors with both appropriate notice and an actual hearing held on September 4, 2013 (Docket Nos. 128 and 129). The *Application for Compensation* filed on April 25, 2013 (Docket No. 116) was notified to all parties in interest, including the Debtors. No objections were filed and the court approved the same in the amount of $10,500.00 (Docket No. 118). Because Attorneys Mangual and Jiménez, the movants in the *Application for Compensation*, requested that the order be vacated to entertain the Debtors' *Objection*, the court ordered to consider the matter and scheduled a hearing (Docket No. 125). Because the Debtors were not prepared at the September 4, 2013 hearing, the court afforded them the opportunity to file their position in English and in writing. See Docket No. 128. They proceeded accordingly. See Docket No. 132. The court is not moved by the Debtors' allegations or by the supporting documentation they provided. The record shows that the services were provided and that the same are reasonable.

Conclusion

In view of the foregoing, the court hereby grants the *Application for Compensation* filed by Attorneys Manugal and Jiménez on behalf of the law firm of EMG Despacho Legal, CRL. in the amount of $10,500 (Docket No. 116).

In San Juan, Puerto Rico, this 16th day of January, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

-7-